UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LISA H.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00163-TWP-KMB |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PETITION FOR ATTORNEYS' FEES

Plaintiff Lisa H. applied for disability insurance benefits from the Social Security Administration (the "SSA") on September 26, 2019. [Dkt. 6-3 at 2-3.] Her request was denied initially, [*id.* at 13], and upon reconsideration, [*id.* at 36]. Administrative Law Judge Neil Morholt (the "ALJ") determined that Lisa was not entitled to disability benefits, [dkt. 6-2. at 16-28], and the Appeals Council denied review, [*id.* at 2-7.] Lisa filed this civil action asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g). [Dkt. 1.] The undersigned Magistrate Judge issued a Report and Recommendation on January 17, 2023, recommending that the Commissioner's decision that Lisa was not disabled be reversed and remanded. [Dkt. 16.] On February 6, 2023, the District Judge adopted the Report and Recommendation, reversing the ALJ's determination that Lisa was not disabled. [Dkt. 17.] A final judgement was entered in favor of Lisa, and the case was remanded for further proceedings. [Dkt. 18.] On April 28, 2023, Lisa filed her Petition for Attorneys' Fees. [Dkt. 19.]

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

## I.  STANDARD OF REVIEW

Three statutes govern the award of attorneys' fees for the representation of disability claimants—42 U.S.C. § 406(a), the Equal Access to Justice Act (the "EAJA") (28 U.S.C. § 2412), and 42 U.S.C. § 406(b).  First, Section 406(a) governs the award of attorneys' fees for legal representation in connection with an administrative claim before the SSA.  Fees may be awarded through either the SSA's approval of a written fee agreement between the claimant and the attorney or based on the SSA's approval of a fee petition made by the attorney.  42 U.S.C. § 406(a)(2).

Second, the EAJA provides that a party who prevails against the government may recover reasonable attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Parties seeking fees under the EAJA must have a net worth that is less than $2,000,000 at the time the civil action was filed, and an application for fees must be filed within thirty days of the final judgment.  28 U.S.C. § 2412(d)(1)(B) and (d)(2)(B).

Finally, § 42 U.S.C. § 406(b) governs the award of attorneys' fees when a claimant receives a favorable disability determination from the SSA on remand, after a successful federal court review.  It states that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  406(b) is designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  *Gisbrecht*, 535 U.S. at 793.

The Commissioner may withhold past-due benefits to pay fees under § 406(a) or § 406(b) directly to the attorney.  *Culberton v. Berryhill*, 139 S.Ct. 517, 520 (2019).  An award under § 406

comes from the claimant's award and not from agency funds, so the Commissioner does not have a financial stake in the resolution of the fee motion but "plays a part in the fee determination resembling that of a trustee for the claimant. . . ." *Gisbrecht*, 535 U.S. at 796, n.6. Fees awarded under the EAJA come from SSA funds, not the claimant's award, and are paid to the claimant rather than her attorney. *Id.* at 796.

## II. DISCUSSION

Lisa moves for an award of attorneys' fees pursuant to the EAJA. [Dkt. 19.] Lisa claims she has met the statutory eligibility requirements for a fee award under the EAJA: she is an "eligible party," she is a "prevailing party," the Commissioner's position was not "substantially justified," and no special circumstances render the award unjust. [Dkt. 20 at 3-6 (citing 28 U.S.C. § 2412(d)(1)(A); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004)).] Lisa is seeking fees for 54.1 attorney hours and 0.6 paralegal hours at hourly rates of $224.46 and $100.00, respectively, for a total award of $12,629.76.[2] [Dkt. 20 at 6.] Lisa argues that both the number of hours her attorneys worked and the hourly rates charged in this case are reasonable. [*Id*. at 6-7.] Moreover, Lisa requests that the Commissioner pay this fee directly to her counsel pursuant to an assignment from Lisa to her attorneys' law firm of "all title, rights, and interest that [she has] in any judicial EAJA award granted to [her] in this [a]ction." [*Id*. at 10; Dkt. 19-1 at 1.]

In response, the Commissioner opposes Lisa's motion, asserting that the requested hours are not reasonable. [Dkt. 21 at 2.] The Commissioner requests that the Court reduce the 54.1 attorney hours spent on the case by 20 hours because the hours billed are allegedly excessive and unreasonably redundant, and the time entries are impermissibly vague. [*Id*. at 2-5.] Further, the

---

[2] Lisa's originally requested $12,203.29 in attorneys' fees. [Dkt. 19]. She now seeks an additional $426.47 in attorneys' fees for the 1.9 hours spent preparing her Reply in Support of the Motion for Attorney Fees, [dkt. 22], increasing the total request for attorneys' fees to $12,629.76.

Commissioner contends that any fees awarded belong to the Plaintiff, not her attorney, and the request to compensate the attorney directly ignores "temporal difficulties" in awarding EAJA payments.  [*Id*. at 6.]  Rather, the Commissioner claims that the Court should order payment to Lisa's counsel only if the Commissioner verifies that Lisa does not owe any debts that are subject to offset.  [*Id*.]

In her reply, Lisa maintains that the proposed hours are reasonable and contends that the Commissioner has presented no legal or factual basis to support its request for a 20-hour reduction.  [Dkt. 22 at 4.]  Lisa argues that the hours are not redundant because more than one attorney can work on a matter, and the attorneys here were responsible for different tasks.  [*Id*. at 12.]  Lisa also argues that the time entries describe each task with sufficient detail, are self-explanatory, and can be used to assess the reasonableness of time expended.  [*Id*. at 14.]  Lisa further asserts that the Commissioner has not made a valid objection to the proposed manner of payment, so the EAJA fee award should go directly to her attorney.  [*Id*. at 16.]

The Court will address the issues to the extent necessary to resolve the Petition for Attorneys' Fees.

### A.  EAJA Requirements

There are five requirements a claimant must satisfy to receive a fee award under the EAJA: (1) the claimant must be a "prevailing party," (2) the government's position was not "substantially justified," (3) no "special circumstances make an award unjust," (4) a timely application was filed, and (5) the claimant had a net worth of less than $2,00,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(B); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The Court concludes that each of these requirements is satisfied here.  The Court remanded this matter to the SSA, [dkt. 18], thereby making Lisa a "prevailing party," Lisa timely filed the

present petition, and Lisa represented at the time of filing that her net worth was less than $2,000,000, [dkt. 2.]  The Commissioner asserts in its brief "that the government's position was substantially justified, and that, alternatively, Plaintiff's attorneys' hours are not reasonable." [Dkt. 21 at 2.]  However, beyond this single sentence, the Commissioner does not develop any argument regarding whether the government's position was substantially justified or whether special circumstances make an award unjust.  The Seventh Circuit has "repeatedly stated [i]t is not this [C]ourt's responsibility to research and construct the [P]arties' arguments." *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) (citations and internal quotation marks omitted). When "a party fails to develop the factual basis of a claim … and, instead, merely draws and relies upon bare conclusions, the argument is deemed waived." *Id.*  Thus, the Court finds that the Commissioner has not sufficiently disputed Lisa's petition on the grounds that the government's position was substantially justified or that special circumstances make an award unjust and has therefore waived such arguments.  Accordingly, Lisa has shown she is eligible for a fee award.

**B.  Reasonable Hourly Rate**

The statutory rate for attorneys' fees under the EAJA is $125.00 per hour.  28 U.S.C. § 2412(d)(2)(A).  However, "the EAJA's language about 'the cost of living' reflects an assumption that general measures like CPI [Consumer Price Index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015).  Claimants must prove that an increased rate is justified by producing evidence "that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.*  "[A] district court might find, in its discretion, a single sworn statement from a claimant's attorney, setting forth the prevailing market rate, to be sufficient." *Id.*

5

Here, Lisa's counsel charged an attorney hourly rate of $224.46 and a paralegal hourly rate of $100.00.  Counsel represents that the appropriate attorney hourly rate in the Indianapolis market in 2022—when significant portions of this litigation were performed—was $224.46, and notably, the Commissioner does not challenge this hourly rate.  Lisa's counsel has also submitted data from the Midwest Urban market to support this requested hourly rate.  Likewise, the requested paralegal rate of $100.00 per hour has been found reasonable in this District, and the Commissioner has also not challenged this rate.  *Cullen v. Colvin*, 2015 WL 8180642, at *4 (S.D. Ind. Dec. 7, 2015). Accordingly, the Court finds that these requested hourly rates are reasonable.

### C.  Reasonable Amount of Time

The claimant has the burden of proving the requested fees are reasonable.  *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Excessive, redundant, or otherwise unnecessary hours should be excluded from the fee calculation.  *Id*. at 434; *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008); 28 U.S.C. § 2412(d)(1)(C).  "[T]he district court has discretion in determining the amount of a fee award."  *Hensley*, 461 U.S. at 437.

The Court accepts that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees."  *Id*. at 440.  "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee."  *Id.* at 436.  Here, final judgment was entered in Lisa's favor, and the ALJ's decision was remanded to the SSA for further proceedings.  [Dkt. 18.]  The result of this appeal was thus an unambiguous success for Lisa, which the Court finds is a significant factor that supports the request for fees.

Lisa's contention that Social Security disability cases are "fact sensitive" and require close attention to detail is also persuasive.  Disability cases require extensive analysis of medical and other records.  The transcript in this case was over 500 pages long, [dkt. 6], and surely required

many hours of through review and analysis by Lisa's counsel.  *See Monk v. Colvin*, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (finding that even "a 400-page administrative record is not short" and that while some documents in the record were irrelevant, the claimant's "attorneys had to sift through everything to separate the wheat from the chaff").  Further, Lisa was represented by different counsel at the administrative level.  [Dkt. 6-2 at 34.]  Thus, her attorney in this successful appeal was required to dedicate significant time to familiarize herself with the facts of the case, especially considering that Lisa's appeal presented multiple issues.  Although the Court ultimately addressed only the dispositive issue in deciding Lisa's appeal, it was not unreasonable for her attorney to provide thorough briefing on various potential issues for the Court to consider.  *See Hangrove v. Berryhill*, 2018 WL 828458, at *2 (S.D. Ind. Feb. 12, 2018) ("While the Court disposed of the case on only one issue, it was prudent for [the claimant] to have made reasonable argument on all grounds.").  And even though the issues raised may not have been novel or unusually complex, they certainly required a fact-intensive analysis and detailed written explanation.[3]

The Court is also not persuaded by the Commissioner's contention that the hours billed were excessive or reflect unreasonable redundancy.  Nothing prohibits multiple attorneys from working on a matter.  *See Maske v. Comm'r of Soc. Sec.*, 2020 WL 6562343, at *6 (D. Ariz. Nov. 9, 2020) (finding "no fault with the fact that two attorneys collaborated on [a] case and recogniz[ing] that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process").  And the time

---

[3] In fact, "most social security cases do no present particularly complex legal issues, but that does not mean that providing a thorough exegesis of the record, pointing out various pieces of evidence that the [ALJ] overlooked or misrepresented, and explaining why those oversights are material to the outcome does not take time."  *Martinez v. Astrue*, 2012 WL 1563907, at *6 (N.D. Ind. Apr. 30, 2012) (internal quotations omitted).

entries outline in sufficient detail the different tasks each attorney was responsible for and specify appropriate billable work.  [Dkt. 19-2.]  Multiple entries indicate that one attorney spent significant time drafting and then sent to a "senior attorney for review," which the Court finds is not redundant billing, but rather, is a reasonable practice to ensure high quality briefing.  *See Kinsey-McHenry v. Colvin*, 2014 WL 1643455, at *2 (N.D. Ind. Apr. 23, 2014) ("Review by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court.").  While multiple attorneys worked on Lisa's briefs, the itemized time entries show a reasonable division of work and do not reflect any redundant billing or otherwise unnecessary hours.

Further, the Court finds that the time entries are not impermissibly vague.  The entries provide sufficient detail for the Court to assess whether the amount of time expended was reasonably warranted.  [Dkt. 19-2 at 1.]  The entries are also sufficiently itemized such that the Court can reasonably assess the division of labor between the attorneys.

For these reasons, the Commissioner has not made a clear showing that there should be a reduction in hours, so the Court will not reduce the 54.1 attorney hours requested.[4]  This is especially true because while the Commissioner asks the Court to reduce the amount by 20 hours, the Commissioner does not provide any argument regarding how she arrived at that number of hours as being an appropriate amount to reduce.  Nor does the Commissioner specifically identify which hours she believes were not reasonably expended and therefore warrant a reduction (i.e., from which time entries the 20 hours should be cut).  Thus, the 20-hour reduction suggested by the Commissioner lacks the specificity required for the Court to appropriately reduce the number of requested hours.  In fact, the Commissioner requests that Lisa's attorneys' hours be reduced "*by*

---

[4] The Commissioner has not challenged the 0.6 paralegal hours charged in this case.

*at least* 20 hours," which further confuses whether the Commissioner is seeking a 20-hour reduction or a reduction by an even greater amount of time.  [Dkt. 21 at 4 (emphasis added).]  Courts "may not reduce the number of hours absent a clear indication of why this is necessary." *Mangual v. Berryhill*, 2018 WL 1616889, at * 3 (N.D. Ind. Apr. 3, 2018) (internal quotations omitted); *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) (internal quotations omitted) (finding that "the district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a concise but clear explanation").  The Court finds that the hours sought are reasonable in light of the successful result obtained by counsel, the fact-sensitive nature of Social Security disability cases, and the fact that the Commissioner has not specifically argues how many or which hours should be reduced.

### D.  Direct Payment of Attorneys' Fees

EAJA awards are initially payable to the claimant, as opposed to counsel.  *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *Id.*  Rather, "the statute's plain text does the opposite— it 'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.*

The Court declines to order that attorneys' fees be paid directly to Lisa's counsel at this time.  Counsel contends that Lisa executed a valid assignment of her right to the fees, and she confirmed with the Treasury Offset Program (the "TOP") that Lisa had no outstanding debts subject to offset.  [Dkt. 20 at 10.]  This determination was premature, however.  TOP information can be updated at any time, so any information from TOP about outstanding debts is "only accurate as of the time the inquiry was made."  [Dkt. 21-1 at 3.]  The assignment between Lisa and her

9

counsel was executed before an award was granted and before the final amount was determined. [Dkts. 19-1 at 1; 20 at 10.]  Now that an award has been determined, the Commissioner should determine if Lisa owes any debts to the United States.

If the Commissioner can obtain updated verification that Lisa does not owe any debts subject to offset, then the fee award shall be made payable to Lisa's counsel pursuant to the assignment, [dkt. 19-1].  *See Hochgesang v. Colvin*, 2015 WL 7288628, at *4 (S.D. Ind. Nov. 16, 2015 (quoting 31 U.S.C. § 3727(b)) (declining to award EAJA fees directly to counsel because "the Anti-Assignment Act provides that an assignment of any payment owed by the federal government may be made 'only after a claim is allowed [and] the amount of the claim is decided[;]' Plaintiff's assignment pre-dates any determination of whether a fee claim would be allowed as well as a determination of the amount of the claim"); *see also Julie A. v. Saul*, 2019 WL 13251031, at *5 (S.D. Ind. Oct. 31, 2019) (declining to award EAJA fees directly to counsel but instructing that the Commissioner should determine whether the claimant owes any debt to the United States and that an assignment between client and counsel should be honored unless the fee award is subject to offset).

### III.  CONCLUSION

For the reasons stated above, Lisa's Petition for Attorneys' Fees under the Equal Access to Justice Act is **GRANTED IN PART**, [dkt. 19], to the extent that the Court agrees that Lisa is entitled to reasonable attorneys' fees of $12,629.76.  The assignment to counsel should be honored unless the fee award is subject to offset for amounts owed to the United States.

**SO ORDERED.**

Date: 6/16/2023

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email